UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**QUEEN CHARLOTTE FRANKLIN,**

      Plaintiff,

  v.

**TALBERT HOUSE CRISIS, et al.,**

      Defendants.

Case No. 1:25-cv-78

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Litkovitz

## ORDER

Plaintiff Queen Charlotte Franklin is well-acquainted with the federal courts. At the beginning of 2025, during a two-week span, Franklin, proceeding pro se and in forma pauperis (IFP), filed twenty lawsuits in this District, many of which make nearly incomprehensible (and sometimes illegible) allegations involving "black magic."[1] The Magistrate Judge assigned to this case, exercising her authority under 28 U.S.C. § 1915(e)(2), screened Franklin's Complaint here. In her resulting Report and Recommendation (R&R, Doc. 5), the Magistrate Judge recommends that the Court dismiss the Complaint with prejudice as frivolous and for failure to state a claim. The R&R also formally warns Franklin that continuing to file frivolous cases will likely result in her designation as a vexatious litigator.

For the reasons briefly laid out below, the Court **ADOPTS** the R&R (Doc. 5) in full, **OVERRULES** Franklin's Objection (Doc. 6), and **DISMISSES** the Complaint

---

[1] Franklin's litigation history is more thoroughly detailed in one of the Court's previous Orders dismissing another one of Franklin's many complaints. *Franklin v. United States Postal Service*, 1:25-cv-60, 2025 WL 957556, at *1 nn.1 & 2 (S.D. Ohio Mar. 31, 2025).

(Doc. 4) **WITH PREJUDICE**. Moreover, the Court **FORMALLY WARNS** Franklin that if she files any new cases that are factually and legally frivolous or fail to state a claim for relief under screening standards, the Court will deem her a vexatious litigator.

When she filed her Complaint, Franklin also sought leave to pursue this action IFP. (Doc. 1). In connection with granting that motion, the Magistrate Judge exercised her authority to screen the Complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Based on her review, she issued an R&R concluding that the Complaint is frivolous and that it fails to set forth a claim upon which relief may be granted. (Doc. 5, #34–35). Within the required fourteen-day timeline, Franklin objected to the R&R. (Doc. 6).

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review an R&R de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

But that review extends "only to any portion [of the R&R] to which a proper objection was made." *Bates*, 2023 WL 4348835, at *1 (quotation omitted). A proper objection, moreover, is one that is "clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "An 'objection' that does nothing more than state a disagreement with

a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). And a court need not provide de novo review where the objections are frivolous or conclusory. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Slater v. Potter*, 28 F. App'x 512, 512–13 (6th Cir. 2002).

For unobjected portions of the R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Here, the Magistrate Judge found the Complaint deficient on multiple fronts. First, the R&R observes that the Complaint is "rambling, difficult to decipher, and virtually incomprehensible." (Doc. 5, #34). And the R&R further notes that the allegations do not provide Defendants fair notice of what exactly Franklin is suing for or on what grounds. (*Id.* at #34–35). In sum, the Magistrate Judge recommends dismissing the Complaint as frivolous because it does not allege any facts from which the Court can reasonably infer a legally viable claim. (*Id.* at #35).

Franklin objected. (Doc. 6). But her "Objection"—to the extent the Court could decipher the handwriting—seems to recount *other* things Franklin believes have happened to her. (*See generally id.*). In other words, Franklin does not raise any specific objections to the Magistrate Judge's analysis or conclusion in this case. Indeed, as far as the Court can tell, the Objection doesn't reference the R&R at all.

3

So, because the Objection is unclear about what "issues that are dispositive and contentious" in Franklin's view, the Court overrules it.

In any event, after reviewing the Complaint, the Court agrees with the Magistrate Judge that it is frivolous and that it fails to state a claim. To start, the Complaint is disjointed and difficult to follow. The most straightforward allegations include Franklin receiving a speeding ticket and then later "break[ing] out of the crisis center to go on Fountain Square to praise the Lord because they said [she] couldn't go." (Doc. 4, #29). Perhaps highlighting the Complaint's incoherence, the Court is unclear to whom "they" refers. Nor can the Court make out any rational claims from any of the other factual details Franklin provides. So even though Franklin thinks "enough is enough" and believes she deserves "700 billions" in relief, (Doc. 4, #29–30), the Court cannot allow her case to proceed—the Complaint is frivolous and fails to state a claim.

In addition to recommending dismissal, the Magistrate Judge formally warned Franklin that "if she persists in filing further lawsuits that are dismissed sua sponte on initial screening, she is likely to be deemed a vexatious litigant subject to prefiling restrictions." (Doc. 5, #37). The Court joins in that warning here. Significant judicial resources and court time have been spent screening Franklin's numerous complaints, many (if not all) of which appear to make wholly frivolous allegations. As such, the Court **FORMALLY WARNS** Franklin that filing any new cases that are factually and legally frivolous or fail to state a claim for relief under screening standards will result in her designation as a vexatious litigator.

Beyond that, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, thus **DENYING** Franklin leave to appeal IFP. But as a non-prisoner, Franklin may nonetheless apply to proceed IFP in the Sixth Circuit Court of Appeals. Fed. R. App. P. 24(a); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); *Miller v. Hudson*, No. 1:24-cv-98, 2024 WL 1704532, at *3 (S.D. Ohio Apr. 19, 2024), *appeal dismissed*, No. 24-3384, 2024 WL 3634240 (6th Cir. June 3, 2024).

For the reasons explained, the Court **ADOPTS** the R&R (Doc. 5) in full, **OVERRULES** Franklin's Objection (Doc. 6), and **DISMISSES** the Complaint (Doc. 4) **WITH PREJUDICE** because it is frivolous and fails to state a claim. Lastly, the Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

**SO ORDERED.**

April 11, 2025
**DATE**                                                  **DOUGLAS R. COLE**
                                                          **UNITED STATES DISTRICT JUDGE**